UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BALKANS AIR CORPORATION,

                Plaintiff,

-against-

SWIFT AIR, LLC, KMW LEASING, LLC,
and BLUE STAR AVIATION LLC,

                Defendants.

10 Civ. 5492 (SAS)

ECF Case

ANSWER OF DEFENDANT
BLUE STAR AVIATION LLC
TO PLAINTIFF'S AMENDED
COMPLAINT

---

        Defendant Blue Star Aviation LLC ("Blue Star"), by its attorneys, Vedder Price P.C., hereby answers the Amended Complaint of plaintiff Balkans Air Corporation ("Balkans Air"), as follows:

        1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint and further denies said allegations on the ground that they consist of conclusions of law.

        4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint.

7. Admits the allegations contained in paragraph 7 of the Amended Complaint.

8. Denies the allegations contained in paragraph 8 of the Amended Complaint on the ground that they consist of conclusions of law.

9. Denies the allegations contained in paragraph 9 of the Amended Complaint on the ground that they consist of conclusions of law and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Swift Air agreed to venue in the state or federal courts in New York County.

10. Denies the allegations contained in paragraph 10 of the Amended Complaint, except states that KMW and Blue Star entered into an agreement and refers to that agreement for proof of the terms and conditions thereof.

11. Denies the allegations contained in paragraph 11 of the Amended Complaint, except states, upon information and belief, that KMW entered into an agreement with Swift Air and refers to that agreement for proof of the terms and conditions thereof.

12. Denies the allegations contained in paragraph 12 of the Amended Complaint, except states, upon information and belief, that KMW entered into an agreement with Swift Air and refers to that agreement for proof of the terms and conditions thereof.

13. Denies the allegations contained in paragraph 13 of the Amended Complaint, except states that in connection with its agreement with KMW, Blue Star communicated with Swift Air on behalf of KMW and communicated with KMW.

14. Denies the allegations contained in paragraph 14 of the Amended Complaint, except states that in connection with its agreement with KMW, Blue Star communicated with Balkans Air on behalf of KMW.

15. Denies the allegations contained in paragraph 15 of the Amended Complaint except states that in connection with its agreement with KMW, Blue Star communicated with Balkans Air on behalf of KMW.

16. Denies the allegations contained in paragraph 16 of the Amended Complaint, except refers to the "Agreement" described therein for proof of the terms and conditions thereof.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint and refers to the "Statement" referred to therein for proof of the contents thereof.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint and refers to the "Statement" referred to therein for proof of the contents thereof.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint and refers to the "Statement" and "Agreement" referred to therein for proof of the contents thereof.

22. .Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint, except refers to the communications referred to therein for proof of the contents thereof.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28. Denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32. In response to paragraph 32 of the Amended Complaint, denies that Blue Star made any "promises and agreements" referred to therein and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint.

## IN RESPONSE TO FIRST CLAIM FOR RELIEF (Against Swift Air)

36. Blue Star repeats and realleges its responses to the allegations contained in paragraphs 1-35 of the Amended Complaint as if fully set forth herein.

37. As the allegations contained in paragraph 37 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

38. As the allegations contained in paragraph 38 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

39. As the allegations contained in paragraph 39 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

**IN RESPONSE TO SECOND CLAIM FOR RELIEF (Against Swift Air)**

40. Blue Star repeats and realleges its responses to the allegations contained in paragraphs 1-39 of the Amended Complaint as if fully set forth herein.

41. As the allegations contained in paragraph 41 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

42. As the allegations contained in paragraph 42 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

43. As the allegations contained in paragraph 43 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

**IN RESPONSE TO THIRD CLAIM FOR RELIEF (Against Swift Air)**

44. Blue Star repeats and realleges its responses to the allegations contained in paragraphs 1-43 of the Amended Complaint as if fully set forth herein.

NEWYORK/#272134.1

45. As the allegations contained in paragraph 45 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

46. As the allegations contained in paragraph 46 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

47. As the allegations contained in paragraph 47 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

**IN RESPONSE TO FOURTH CLAIM FOR RELIEF (Against KMW)**

48. Blue Star repeats and realleges its responses to the allegations contained in paragraphs 1-47 of the Amended Complaint as if fully set forth herein.

49. As the allegations contained in paragraph 49 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

50. As the allegations contained in paragraph 50 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

51. As the allegations contained in paragraph 51 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

52. As the allegations contained in paragraph 52 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

53. As the allegations contained in paragraph 53 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

54. As the allegations contained in paragraph 54 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

## IN RESPONSE TO FIFTH CLAIM FOR RELIEF (Against KMW)

55. Blue Star repeats and realleges its responses to the allegations contained in paragraphs 1-54 of the Amended Complaint as if fully set forth herein.

56. As the allegations contained in paragraph 56 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

57. As the allegations contained in paragraph 57 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

58. As the allegations contained in paragraph 58 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

**IN RESPONSE TO SIXTH CLAIM FOR RELIEF (Against KMW)**

59. Blue Star repeats and realleges its responses to the allegations contained in paragraphs 1-58 of the Amended Complaint as if fully set forth herein.

60. As the allegations contained in paragraph 60 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

61. As the allegations contained in paragraph 61 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

As the allegations contained in paragraph 62 of the Amended Complaint are directed against a party or parties other than Blue Star, no response is required thereto, and the allegations are otherwise denied.

**IN RESPONSE TO SEVENTH CLAIM FOR RELIEF (Against Blue Star)**

62. Blue Star repeats and realleges its responses to the allegations contained in paragraphs 1-62 of the Amended Complaint as if fully set forth herein.

63. Blue Star denies the allegations contained in paragraph 64 of the Amended Complaint.

64. Blue Star denies the allegations contained in paragraph 65 of the Amended Complaint.

65. Blue Star denies the allegations contained in paragraph 66 of the Amended Complaint.

**IN RESPONSE TO EIGHTH CLAIM FOR RELIEF (Against Blue Star)**

66. Blue Star repeats and realleges its responses to the allegations contained in paragraphs 1-66 of the Amended Complaint as if fully set forth herein.

67. Blue Star denies the allegations contained in paragraph 68 of the Amended Complaint.

68. Blue Star denies the allegations contained in paragraph 69 of the Amended Complaint.

69. Blue Star denies the allegations contained in paragraph 70 of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

70. The Amended Complaint fails to state a claim against Blue Star upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

71. The Court lacks personal jurisdiction over Blue Star.

**THIRD AFFIRMATIVE DEFENSE**

72. Plaintiff's claims against Blue Star fail for lack of consideration.

**FOURTH AFFIRMATIVE DEFENSE**

73. Plaintiff's claims against Blue Star are barred by the Statute of Frauds.

## FIFTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims for damages are barred in whole or in part by reason of Plaintiff's failure to mitigate any alleged damages.

WHEREFORE, defendant Blue Star Aviation LLC demands judgment dismissing the Amended Complaint with prejudice, awarding defendant its costs, disbursements and reasonable attorneys' fees, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 9, 2011

By:   s/ Michael G. Davies
Michael G. Davies
Vedder Price P.C.
1633 Broadway
47th Floor
New York, New York  10019
(212) 407-7700
mdavies@vedderprice.com

*Attorneys for Defendant
   Blue Star Aviation LLC*

-11-